**SILVER BRAND CLOTHES, INC., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 76–1302.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1976.

Decided Nov. 19, 1976.

* *Gordon v. Forsyth County Hospital Authority, Inc.,* 409 F.Supp. 708 (M.D.N.C.1976).

**750**

Stanley Goodman, Cincinnati, Ohio (Goodman & Goodman Co., L. P. A., Cincinnati, Ohio, on brief), for appellant.

David English Carmack, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jr., and Grant W. Wiprud, Attys., Tax Div., Dept. of Justice, Washington, D. C., John A. Field, III, U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Taxpayer sought a refund of income taxes for the fiscal years ending 1967, 1968, and 1969. The refund claim was based upon a business loss, alleged to have occurred in 1964 and carried forward to the tax years in question. The loss was previously disallowed by the Tax Court in dealing with fiscal years 1965 and 1966. *Silver Brand Clothes, Inc. v. Commissioner*, 31 T.C.M. 250 (1972). Based upon the Tax Court's decision, the district court concluded that it lacked jurisdiction under the doctrines of *res judicata* and collateral estoppel, and it dismissed the complaint.

The district court did not lack *in personam* or subject matter jurisdiction, but it correctly concluded that taxpayer was collaterally estopped from relitigating the deductibility of the 1964 loss for the fiscal years 1967–69 when those questions had been fully litigated in the Tax Court with respect to the years 1964–66. This is so because we perceive that the factual and legal questions now sought to be raised were all raised in the earlier litigation and decided adversely to taxpayer and there has been no intervening change in the law. We therefore affirm for the reasons sufficiently stated by the district court.

*AFFIRMED.*